

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| GLENN B. MANSFIELD, | ) | No. ED112799 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| vs. | ) | Cause No. 23CG-CC00074 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Gary A. Kamp |
| | ) | |
| Respondent. | ) | FILED: May 27, 2025 |

## Introduction

Glenn Mansfield (Mansfield) appeals the judgment denying his Rule 29.15[1] amended motion for post-conviction relief. Mansfield claims the motion court clearly erred because appellate counsel was ineffective for failing to raise on direct appeal the juvenile court's certification of Mansfield for prosecution as an adult. Finding no clear error, we affirm.

## Factual and Procedural Background

On June 4, 2019, Mansfield, who was 14 years old, and an accomplice beat Victim and shot him in the head. Victim survived, and neighbors identified Mansfield as one of the perpetrators. The Cape Girardeau County Juvenile Officer filed a petition in the juvenile division of the circuit court, and later filed a motion for a mandatory certification hearing. The juvenile court appointed Mansfield certification counsel. The juvenile court held a certification hearing

---

[1] All rule references are to the Missouri Supreme Court Rules (2023).

and on September 5, 2019, certified Mansfield for prosecution as an adult and transferred his case to the associate circuit court. The State filed a felony complaint charging Mansfield with first-degree robbery, first-degree assault, and armed criminal action.

Following certification, trial counsel entered her appearance. Trial counsel filed a motion with the associate circuit court to dismiss the complaint for lack of jurisdiction, arguing that the juvenile court erroneously certified Mansfield as an adult and that Mansfield received ineffective assistance of certification counsel. After a hearing on the motion to dismiss, the court denied the jurisdiction motion, held a preliminary hearing, and bound the matter over for trial in the circuit court.

Trial counsel then filed a motion to dismiss the information in circuit court, which included the same claims made in the first earlier denied motion. The circuit court denied the motion. Following a one-day jury trial on July 13, 2021, Mansfield was found guilty on all three counts as charged. Subsequent trial counsel (L.H.) filed a motion for new trial, raising the claim, among others, that the circuit court erred in denying the motion to dismiss for lack of jurisdiction. At sentencing on November 29, 2021, the circuit court sentenced Mansfield to two concurrent ten-year terms of imprisonment on the first-degree robbery and first-degree assault, and a consecutive ten-year term on the armed criminal action, for a total of twenty years.

This Court affirmed the judgment and sentences in *State v. Mansfield*, 656 S.W.3d 45 (Mo. App. E.D. 2022). Mansfield sought post-conviction relief under Rule 29.15. Appointed counsel timely filed an amended Rule 29.15 motion.

On December 1, 2023, the motion court held an evidentiary hearing regarding Mansfield's ineffective assistance of counsel claims. Mansfield testified on his own behalf and called trial counsel L.H. and a lay witness to testify. Appellate counsel testified by deposition that the

2

certification issue was included in the motion for new trial, but that she did not raise it in the direct appeal because she thought it would have been dismissed as untimely. Appellate counsel understood that to challenge the certification process, one must appeal immediately after the juvenile proceeding. Appellate counsel concluded that because trial counsel waited until after Mansfield's trial to initiate the appeal process by including it in the motion for new trial, the certification issue would have been untimely to raise on direct appeal.

The motion court denied post-conviction relief, holding that appellate counsel's decision not to raise the certification issue was reasonable because she believed the issue was without merit, choosing instead to raise other claims that she thought had a better chance of success. The motion court further concluded that Mansfield failed to show that he was prejudiced by this decision. This appeal follows.

## Standard of Review

We review the motion court's denial of post-conviction relief to determine whether the findings and conclusions are clearly erroneous. Rule 29.15(k); *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006) (per curiam). The motion court's findings and conclusions are clearly erroneous only if we are "left with the definite impression that a mistake has been made." *Anderson*, 196 S.W.3d at 33.

## Discussion

Mansfield raises two points on appeal seeking post-conviction relief based on ineffective assistance of counsel. To prevail, Mansfield must satisfy the two-pronged *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). He must prove "by a preponderance of the evidence that (1) his counsel failed to exercise the customary skill and diligence of a reasonably

3

competent attorney under similar circumstances and (2) his counsel's deficient performance prejudiced him." *Anderson*, 196 S.W.3d at 33.

To succeed on the first prong, Mansfield must establish that appellate counsel "failed to raise a claim of error that was so obvious that a competent and effective lawyer would have recognized and asserted it." *Taylor v. State*, 262 S.W.3d 231, 253 (Mo. banc 2008) (internal quotation omitted). As to the second prong, Mansfield must demonstrate that had appellate counsel raised the claim, "there is a reasonable probability the outcome of the appeal would have been different." *Id.* If a movant cannot establish either the performance or the prejudice prong, the ineffective assistance claim fails, and we need not consider the other. *Voss v. State*, 570 S.W.3d 184, 192 (Mo. App. E.D. 2019).

*Points I & II – Failure to Raise Certification Claim on Appeal*

Mansfield alleges in separate points on appeal that the motion court clearly erred in denying his motion for post-conviction relief because (1) appellate counsel's decision not to raise the certification issue on appeal was not reasonable and (2) he was prejudiced by this decision. Both points are based on the same claim of ineffective assistance of appellate counsel, and we address them together. We reject Mansfield's claims because appellate counsel's decision not to raise the certification issue was reasonable and further, Mansfield fails to show that he was prejudiced.

Appellate counsel need not raise every non-frivolous claim on appeal if counsel, as a matter of professional judgment, so decides. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Appellate counsel may instead choose to raise the claims that he or she believes maximize the chances of the client's success on appeal. *Morales v. State*, 323 S.W.3d 466, 471 (Mo. App. E.D. 2010).

Mansfield posits that he properly preserved his certification issue for appeal by including it in his motion for a new trial because the order was not one that could be directly appealed. This

4

argument is founded on the Supreme Court of Missouri's decision in *D.E.G. v. Juvenile Officer of Jackson County*, 601 S.W.3d 212 (Mo. banc 2020), and the Western District's subsequent decision in *D.R.T. v. Juvenile Officer*, 626 S.W.3d 311 (Mo. App. W.D. 2021). First, on June 16, 2020, less than a year after the juvenile court certified Mansfield to be tried as an adult, the Supreme Court overturned decades-old precedent by ruling that a certification order is final and appealable. *D.E.G.*, 601 S.W.3d at 218-19. The Western District, in addressing whether *D.E.G.* applied retroactively, then held that "[t]here is no suggestion in *D.E.G.* that its holding was intended to apply retrospectively to permit the initiation of an otherwise untimely appeal from a prior judgment entered by a juvenile court." *D.R.T.*, 626 S.W.3d at 315 (emphasis omitted). *D.E.G.* does not create the right nor allow for an otherwise untimely appeal to be revived. *Id.*[2]

With that in mind, appellate counsel's decision not to raise the certification issue here was reasonable because she testified that she researched the claim and determined that it would have been dismissed as untimely. Mansfield incorrectly reads *D.E.G.* and *D.R.T.* to hold that pre-*D.E.G.* certification orders are preserved through a motion to dismiss for lack of jurisdiction and including the claim in a motion for new trial. *D.R.T.* makes clear, however, that the notice of appeal was due no later than forty days after the certification judgment, and appellate courts lack jurisdiction to hear untimely appeals. *Id.* at 315-16. Appellate counsel correctly concluded that appealing Mansfield's certification more than two years after the judgment was entered and jurisdiction was lost in the juvenile court, would have been untimely. Choosing to pursue issues that were timely appealed and foregoing an untimely issue was not unreasonable. *See Morales*, 323 S.W.3d at 471.

---

[2] We note, however, that the Western District more recently addressed, in dicta, a claim of erroneous certification on direct appeal following a motion to dismiss in the trial court. *State v. Whirley*, 698 S.W.3d 716, 726 (Mo. App. W.D. 2024). In that case, the State agreed that because the defendant's certification occurred prior to *D.E.G.*, the appropriate procedure to challenge his certification was through a motion to dismiss. *Id.* at 726 n.4. Because this is found in dicta and seemingly contradicts *D.R.T.*, we decline to follow it.

Even assuming arguendo that we found error exists, which we do not, Mansfield fails to show that he was prejudiced by appellate counsel's decision, offering this Court only a conclusory allegation that had appellate counsel raised the certification issue on direct appeal, the outcome of the appeal would have been different. Mansfield provides no reasoning as to why we would have reversed his certification nor any record pertaining to his certification other than the motions to dismiss, which merely contain verbatim quotations of the juvenile court's order. The motion court did not clearly err in denying Mansfield's claims. Mansfield's points on appeal are denied.

## Conclusion

For the reasons set forth above, we affirm the motion court's judgment.

Virginia W. Lay, J.

Lisa P. Page, P.J., concurs.
Rebeca Navarro-McKelvey, J., concurs.

6